**SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellant,**

v.

**Cloyce K. BOX, Defendant-Appellee.**

**No. 82–1020.**

United States Court of Appeals, Fifth Circuit.

Nov. 28, 1983.

Edward F. Greene, Gen. Counsel, S.E.C., Douglas J. Scheidt, Sp. Counsel, Harlan William Penn, Paul Gonson, Linda D. Fienberg, Washington, D.C., for plaintiff-appellant.

Neal & Harwell, James F. Neal, James F. Sanders, Nashville, Tenn., Miller, Cassidy, Larroca & Lewin, Herbert J. Miller, Jr., William H. Jeffress, Jr., Jonathan B. Sallet, Washington, D.C., Clark, West, Keller, Butler & Ellis, William B. West, III, Dallas, Tex., for defendant-appellee.

Before GARZA, RANDALL and GARWOOD, Circuit Judges.

PER CURIAM:

The Securities and Exchange Commission appeals a judgment of the district court dismissing Counts I, XIV and XV of its complaint against defendant-appellee, Cloyce K. Box, for failure to state a claim upon which relief can be granted. Fed.R. Civ.P. 12(b)(6). We reverse.

Box moved to dismiss the antifraud violations alleged in Counts I, XIV and XV both on the ground that the alleged nondisclosures were not "in connection with" the purchase or sale of securities under section 10(b) of the 1934 Act nor "in the offer or sale" of securities under section 17(a) of the 1933 Act, and on the ground that the alleged nondisclosures were not material. The district court, on September 9, 1981, dismissed Counts I, XIV and XV of the Commission's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, holding that it could not "accept the SEC's contention in this action that it need show no more connection between fraudulent acts by a fiduciary and securities transactions than the mere fact that public trading was taking place in the stock of the subject corporation." Record

on Appeal at 953. We can affirm the district court's dismissal of the Commission's complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

The Commission's brief presents the issue with respect to Count I as whether "[w]hen public investors are trading in the securities of a corporation and the controlling person, who is also the chief executive officer and chairman of the board of that corporation, as part of a fraudulent scheme, causes the corporation to disseminate to the public materially misleading statements and fails to disclose other material facts pursuant to that scheme, such fraudulent conduct is 'in connection with' the purchase or sale of securities," regardless of whether the individual defendant or the corporation is trading in the corporation's securities. Appellant's Brief at 13.

The Commission adopts the same position with respect to Count XIV as it does with respect to Count I, arguing that "as the courts have considered Section 17(a)'s 'in the offer or sale' requirement coextensively with Section 10(b)'s 'in connection with' requirement, and for the same reasons advanced [with respect to Count I], Count XIV of the Commission's complaint alleged a sufficient nexus between Box's fraud and the offer or sale of OKC securities to withstand a motion to dismiss." Appellant's Brief at 27.

Finally, the Commission points out with respect to Count XV, that the complaint alleges "that Box violated Section 10(b) and Rule 10b–5 thereunder, directly and indirectly, by, among other things, inducing the shareholders of OKC to liquidate the assets of the corporation without disclosing to the shareholders, the board of directors or persons buying and selling OKC stock, any of the material information alleged in Count I," and that the district court erred in fail-

ing to recognize those allegations in Count XV.[1]

Box's brief begins by noting that the "SEC's brief in this Court does not challenge Judge Hill's reading of its complaint" and goes on to address the issues posed by the district court's and the Commission's reading of the complaint.

After devoting a great deal of judicial time and effort to researching and deciding the issues relating to Counts I, XIV and XV (exclusive of subparagraph 67(b)) posed by the district court's opinion and by both parties' briefs on appeal, we have concluded that the complaint, as it is presently framed, does not in fact pose those issues. As noted above, we can affirm the dismissal of the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. Counts I and XV of the complaint allege that Box violated section 10(b) of the 1934 Act "in connection with the purchase and sale of OKC Corp. common stock, $.25 par value, and OKC Corp. Convertible Subordinated Debentures, due 1988." Count XIV of the Complaint alleges that Box violated section 17(a) of the 1933 Act "in the offer and sale of securities, among others, the common stock of OKC Corp. $.25 par value, and participations in the Thrift Plan of OKC Corp. . . ." None of these counts of the complaint is limited to purchases and sales by public investors (as distinguished from Box or OKC) of OKC common stock, OKC Convertible Subordinated Debentures, due 1988 or participations in the Thrift Plan of OKC. These counts, which are classic notice pleading under Federal Rule of Civil Procedure 8(a), would in no way prohibit the Commission from showing, for example, that Box himself, in concert with OKC, had engaged in transactions in the OKC common stock. Indeed, in note 28 to the Commission's brief, the Commission singles out Count XIV of the complaint and, inaccurately we note, summarizes that count as alleging that Box failed to disclose his fraudulent activities in the registration statement filed with the Commission for the Thrift Plan of OKC. We are told by note 28 to look to an affidavit filed by a Commission employee, which chronicles the filing of the registration statement for the Thrift Plan and various amendments and post-effective amendments thereto. Unaccountably, the Commission makes no reference to paragraphs 126–27 of the affidavit which chronicle the filing of a registration statement for the "Employees' Qualified Stock Option Plan" and various amendments and post-effective amendments thereto, all during the period from June, 1975 to November, 1978. The affidavit goes on to aver in paragraph 129 that securities (which, in the case of the registration statement covering the stock option plan, would consist of OKC Corp. common stock) have been offered and sold pursuant to both registration statements.[2] We are told in note 28 that the Thrift Plan allegations contained in Count XIV satisfy "even a restrictive nexus test" under section 17(a) of the 1933 Act. But the same is true of the balance of the allegations in Count XIV, as well as the section 10(b) and rule 10b–5 allegations contained in Counts I and XV. In summary, the issue presented by the Commission to the district court and to us, and ruled upon by the district court, is not yet presented by this case. We cannot say that it appears beyond doubt that the Commission can prove no set of facts in

---

1. It appears that the dismissal of this allegation may have been no more than an oversight on the part of the district court. While Box sought dismissal of Count XV in its entirety, he did not move to dismiss this portion of Count XV on this ground. He expressly declined to assert that fraudulent activity inducing corporate liquidation is not "in connection with" the purchase or sale of securities. Record on Appeal at 544. Box does not change this position on appeal.

2. We do not here go outside of the pleadings to decide the appropriateness of the district court's 12(b)(6) dismissal. The language of the complaint, by alleging that Box violated the antifraud sections of the securities laws in connection with the purchase or sale of OKC common stock and convertible debentures, is sufficient alone to survive a 12(b)(6) dismissal. Our references to the filed affidavit are only illustrative of the types of facts which the Commission might be able to prove to meet even a restrictive "in connection with" requirement.

support of Counts I, XIV and XV entitling it to relief. Were we to say that, the Commission could quite properly come back and say, as it has with respect to the Thrift Plan allegations of Count XIV and the liquidation allegations of Count XV, that Count I and the balance of Counts XIV and XV would permit it to show fraud in the offer and sale by Box and OKC of common stock.

In essence, both the district court and this court have been asked to render an advisory opinion on pleadings, or perhaps on a set of facts, not before us. We decline to do so; the judgment of the district court dismissing Counts I, XIV and XV of the complaint for failure to state a claim is REVERSED.